UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS ADACIA, | ) | CASE NO. 4:25-CV-01270 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CLEVELAND, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Douglas Adacia ("Plaintiff") asserts claims for denial of freedom of expression and retaliation in violation of the First Amendment. (Doc. 1 at 4.)[1] He names as Defendants the City of Cleveland, the Cuyahoga County Sheriff's Department, Mayor Justin M. Bibb, Cleveland Police Chief Dorothy A. Todd, Cleveland Police Chief Constable Mark Webster, "Unknown Undercover Agent," and Cuyahoga County. (*Id.* at 1-2.) Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2.) For the reasons below, Plaintiff's Application to Proceed *In Forma Pauperis* is GRANTED, and his Complaint is DISMISSED.

**I.   BACKGROUND**

This case is the seventh of at least ten cases Plaintiff has filed with similar allegations against the City of Cleveland and Cuyahoga County. *See Adacia v. Cuyahoga Cnty. Sheriff*, No. 1:25-CV-01312 (N.D. Ohio filed June 24, 2025) (Barker, J.); *Adacia v. Cuyahoga Cnty. Sheriff Dep't*, 1:25-CV-1326 (N.D. Ohio filed June 25, 2025) (Gaughan, J.); *Adacia v. Bishop William A. Cosgrove Center*, No. 1:25-CV-1336 (N.D. Ohio filed June 26, 2025) (Barker, J.); *Adacia v. City of Cleveland*, No. 1:25-CV-1388 (N.D. Ohio filed July 1, 2025) (Fleming, J.); *Adacia v.*

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

*City of Cleveland*, No. 1:25-CV-1393 (N.D. Ohio filed July 2, 2025) (Brennen, J.); *Adacia v. Bibb*, No. 1:25-CV-1405 (N.D. Ohio filed July 3, 2025) (Gaughan, J.); *Adacia v. City of Cleveland*, No. 1:25-CV-1442 (N.D. Ohio filed July 9, 2025) (Brennen, J.); *Adacia v. City of Cleveland*, No. 1:25-CV-1469 (N.D. Ohio filed July 14, 2025) (Polster, J.); *Adacia v. Bibb*, No. 1:25-CV-1484 (N.D. Ohio filed July 15, 2025) (Fleming, J.); *Adacia v. Focus Cleveland*, No. 1:25-CV-1516 (Polster, J.) (N.D. Ohio filed July 21, 2025).

In this case, Plaintiff alleges he was being followed in the streets by plain and uniformed Cleveland police officers on his way to the courthouse to file a lawsuit. (Doc. 1 at 3.) He alleges an officer prevented him from entering the courthouse and intimidated him. (*Id.*) Plaintiff fled and the officer allegedly chased him and threw "itching powder" on him and shot "electronic darts" at him. (*Id.*) Plaintiff alleges the officer did this at the behest of the City of Cleveland and its police department. (*Id.*)

From these allegations, Plaintiff brings several causes of action under 42 U.S.C. § 1983. (*Id.* at 4.) For instance, he brings claims for violations of his First Amendment rights, claims of retaliation, threats of assault, and conspiracy, as well as denial of access to the courts. (*Id.*)

II. **LEGAL STANDARD**

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194,

197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

Plaintiff's allegations in this case fails to state a claim because the allegations lack an arguable basis in law and fact. The Complaint's allegations do not contain a coherent, rational statement of fact, or a plausible legal claim. None of the facts alleged plausibly state a claim under 42 U.S.C. § 1983 for the violation of any constitutional rights against any of the named defendants. Instead, the allegations are frivolous because they are "clearly baseless," "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). Because the Complaint does not plausibly plead any claim, it must be

dismissed in its entirety.

IV.     **CONCLUSION**

Plaintiff Douglas Adacia's Application to Proceed *In Forma Pauperis* (Doc. 2) is GRANTED. For the reasons stated above, this action is DISMISSED pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 11, 2025

                                                  BRIDGET MEEHAN BRENNAN
                                                UNITED STATES DISTRICT JUDGE